UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:09-cr-0078 (M/F) |
| | ) | |
| PAUL A. FORD, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on June 7, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on May 24, 2011, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held June 7, 2011 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Ford appeared in person with her appointed counsel, Mike Donahoe. The government appeared by James M. Warden, Assistant United States Attorney. U. S. Parole and Probation appeared by Todd Schaefer, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Mike Donahoe, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Ford in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Ford and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Ford was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Ford was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Ford was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Ford had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation.

7. Mr. Donahoe stated that Mr. Ford would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Ford executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Ford, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| **2** | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| **3** | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

On March 29, and April 11, 2011, the offender submitted urine specimens that tested positive for amphetamines. From April 12 to April 14, 2011, the offender resided at the Salvation Army Harbor Light Center and received detoxification services at the direction of the probation officer. On April 25, 2011, the offender admitted using methamphetamine to the probation officer via telephone.

On April 27, May 6 and May 10, 2011, the offender submitted urine specimens that tested positive for methamphetamine. On March 10, 2011, the offender admitted using methamphetamine to the probation officer via telephone.

| | |
|---|---|
| **4** | **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees. The defendant shall abstaining from all intoxicants, including alcohol, while participating in a substance abuse treatment program."** |

On April 25, and May 16, 2011, the offender failed to report for random urine screens.

The Court placed Mr. Ford under oath and directly inquired of Mr. Ford whether he admitted violations of the specifications of his supervised release set forth above. Mr. Ford stated that he admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

1) Mr. Ford has a relevant criminal history category of II, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Ford constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Ford is 6-12 months.

4) The parties agree that the appropriate disposition for Mr. Ford's violations of the conditions of supervised release is:

   a. The defendant be sentenced to a period of confinement of six months to the custody of the Attorney General or his designee.

   b. It is recommended that the defendant be confined at a community corrections facility, namely, the Volunteers of America, in Indianapolis, Indiana, for service of his sentence. He will abide by that facility's rules and regulations and those instituted by the U. S. Parole and Probation Office.

   c. Upon completion of his sentence at the Volunteers of America, defendant will be returned to supervision under all conditions imposed at sentencing.

The Magistrate Judge informed the defendant and the parties' respective counsel that he would accept the parties' stipulations.

The Court, having heard the evidence and/or arguments of the defendant and his counsel, and the government, now finds that Mr. Ford violated the specified conditions of supervised release as set forth above in the Petition to Revoke his supervised release.

Mr. Ford's supervised release is therefore **REVOKED** and Paul A. Ford is sentenced to the custody of the Attorney General or his designee for a period of six months. The Court recommends to the Bureau of Prisons that Mr. Ford be designated for confinement in a community confinement center, specifically, Volunteers of America, in Indianapolis, Indiana. Upon the conclusion of his confinement, defendant will be subject to the terms and conditions of supervised release imposed at sentencing.

The Magistrate Judge requests that Todd C. Schaefer, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Ford stipulated in open court waiver of the following:

    1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

    2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Ford entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.*

and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Paul A. Ford's supervised release.

IT IS SO RECOMMENDED this 9th day of June, 2011.

 

Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

James A. Warden,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,  IN 46204

U. S. Parole and Probation

U. S. Marshal