UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cr-0078  (M/F) |
| ) | |
| PAUL A. FORD, ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on July 13, 2012, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on May 24, 2011, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).  All proceedings were held July 13, 2012 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]  Mr. Ford appeared in person with his appointed counsel, William Dazey.  The government appeared by James M. Warden,  Assistant United States Attorney.   U. S. Parole and Probation appeared by Ross Carothers,  U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. William Dazey, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Ford in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Ford and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Ford was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Ford was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Ford was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Ford had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation.

7. Mr. Dazey stated that Mr. Ford would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Ford orally waived the preliminary hearing, which was accepted by the Court.

8. Mr. Ford, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

    On March 29, and April 11, 2011, the offender submitted urine specimens that tested positive for amphetamines. From April 12 to April 14, 2011, the offender resided at the Salvation Army Harbor Light Center and received detoxification services at the direction of the probation officer. On April 25, 2011, the offender admitted using methamphetamine to the probation officer via telephone.

    On April 27, May 6 and May 10, 2011, the offender submitted urine specimens that tested positive for methamphetamine. On May 10, 2011, the offender admitted to using methamphetamine and Vicodin. On June 16, 2011, the offender's conditions of supervised release were modified and he was placed in the residential program at the Volunteers of America for six months.

    On April 2, 2012, a urine sample collected was positive for amphetamines and opiates. The offender admitted using methamphetamine, Vicodin, and Xanax a few days earlier.

    On April 10, 2012, the offender admitted he used methamphetamine the prior weekend.

    On April 13, 2012, a urine sample collected was positive amphetamines. The offender admitted he used methamphetamine on April 10, 2012.

On May 18, 2012, a urine sample collected was positive for amphetamines. The offender admitted he used methamphetamine and Xanax two days earlier.

**4**      "**The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**"

On April 2, 2012, the probation officer contacted the offender by telephone. Mr. Ford claimed on two occasions that he was on his way to South Bend for employment. The probation officer traveled to his residence and passed the offender in his vehicle. The probation officer instructed the offender to return to his residence where a urine sample was collected and subsequently tested positive for illicit substances. The offender admitted being untruthful to the probation officer about traveling to South Bend.

**5**      "**The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**"

On May 4, 2012, the offender was involved in a single vehicle accident in Putnam County, Indiana. An officer from the Putnam County Sheriff's Department responded and Mr. Ford's vehicle was towed. The offender reported the incident to his probation officer during a home visit on May 18 2012, which was well beyond the required time frame.

**6**      "**The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.**"

On May 18 2012, the probation officer located the offender at 1034 Center Street, Martinsville. The offender said he stayed at the residence the previous night, which was also occupied by Randy Conner. Mr. Conner was convicted of a felony, Operating While Intoxicated, on May 10, 2001 (41 D03-0004-DF-00064). He was convicted of another felony, Possession of Cocaine, on January 11, 2007. On August 10, 2011, his sentence was amended to a misdemeanor conviction (41 D02-0506-FB-00011).

**7**      "**The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**"

          On May 18, 2012 the offender said he terminated his employment two weeks earlier due to a conflict with a co-worker and a problem with transportation. He failed to notify his probation officer of his change in employment in a timely manner.

**8**        **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of his fees. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program."**

          On April 25 and May 16, 2011, the offender failed to report for random urine screens.

          The offender was unsuccessfully discharged from drug treatment at the Tara Treatment Center in Franklin, Indiana, on April 16, 2012, for continued drug use while in treatment. As previously stated, he tested positive for illicit substances on April 2 and April 13, 2012.

The Court placed Mr. Ford under oath and directly inquired of Mr. Ford whether he admitted violations of the specifications of his supervised release set forth above. Mr. Ford stated that he admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

    1)    Mr. Ford has a relevant criminal history category of II, U.S.S.G. §7B1.4(a).

    2)    The most serious grade of violation committed by Mr. Ford constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

    3)    Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Ford is 6-12 months.

    4)    The parties agree that the appropriate disposition for Mr. Ford's violations of the conditions of supervised release is:

        a.    The defendant be sentenced to a period of confinement of 12 months and 1 day to the custody of the Attorney General or his designee.

      b.      It is recommended that the defendant be confined at either the Federal Correctional Center Farm Camp at Terre Haute, Indiana, or the United States Penitentiary Farm Camp at Marion, Illinois.

      c.      Upon completion of his sentence, defendant will not be subject to supervised release.

The Magistrate Judge informed the defendant and the parties' respective counsel that he would accept the parties' stipulations.

The Court, having heard the evidence and/or arguments of the defendant and his counsel, and the government, now finds that Mr. Ford violated the specified conditions of supervised release as set forth above in the Petition to Revoke his supervised release.

Mr. Ford's supervised release is therefore **REVOKED** and Paul A. Ford is sentenced to the custody of the Attorney General or his designee for a period of 12 months and 1 day. The Court recommends to the Bureau of Prisons that Mr. Ford be designated for confinement at the Federal Correctional Center Farm Camp at Terre Haute, Indiana, or the United States Penitentiary Farm Camp at Marion, Illinois. Upon the conclusion of his confinement, defendant will not be subject to supervised release.

The Magistrate Judge requests that Ross Carothers, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Ford stipulated in open court waiver of the following:

    1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

  2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

 Counsel for the parties and Mr. Ford entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

 WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Paul A. Ford's supervised release.

 IT IS SO RECOMMENDED this 13th day of July, 2012.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

James A. Warden,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Bill Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal